# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

CASE NUMBER: 09-20604

HON. MARIANNE O. BATTANI

v.

ROBERT WILLIAMS,

                Defendant.

_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE

Defendant, Robert Williams, moves the Court to dismiss his Indictment with prejudice for violation of the Speedy Trial Act, 18 U.S.C. §3161. The government concurs in the dismissal, but requests the case be dismissed without prejudice. The Court agrees and dismisses this action without prejudice.

A two-count indictment charging defendant with conspiracy and theft was handed down on December 15, 2009. Robert Williams appeared for arraignment on December 21, 2009, and was placed on personal bond. The government filed a Notice of Change of U.S. Attorney on March 8, 2010, and the first Scheduling Order was also entered by the Court on that date. On March 25, 2010, a stipulated order was entered excluding March 22, 2010 to April 26, 2010 from the speedy trial clock. Three times after that, April 14th, April 30th, and finally May 6th, the parties orally stipulated to extend the deadlines.

1

The Speedy Trial Act, 18 U.S.C. §3161, requires that a defendant be tried within 70 days of his arraignment or the indictment, whichever occurs last. See United States v. Moran, 998 F.2d 1368, 1370 (6th Cir. 1993). The Act provides for the exclusion of certain time periods from the running of the Speedy Trial Act clock, for instance during pending motions. There were no exclusions applicable in the present case from arraignment to March 1st, the 70th day.

Once there has been a determination that the time period in the Act has passed, the Speedy Trial Act enumerates three factors the court is to consider in determining whether a dismissal should be with or without prejudice; (1) the seriousness of the offense; (2) the facts and circumstances that led to the dismissal; (3) the impact of re-prosecution on the administration of the Act and on justice. 18 U.S.C. §3162(a).

Defendant offers the following facts to support its position that the case should be dismissed with prejudice. As to the first factor, the charges involve the alleged theft of computers from an organization receiving federal funds, specifically the Detroit Public Schools. The approximate value of the equipment is $70,000. Mr. Williams has no criminal history, and if convicted, his guideline range would be in the neighborhood of 15-21 months. Therefore, defendant argues, this is not as serious an offense as most that come before the court. With regard to the second factor, the defendant argues the delay entirely rests with the government. Neither he, nor his counsel, has done anything to delay the case. And, as to the third factor, the defendant argues that the case is old, the theft allegedly occurring in 2005.

To the contrary, the United States, while accepting responsibility for the enforcement of the Speedy Trial Act, argues that this is a situation where neither the government, the defendant or the Court were even aware that a violation had occurred. It was the government who alerted the parties to that fact when it recently discovered it. This was an inadvertent inattention to the Speedy Trial clock, and not in any way a purposeful intent to unnecessarily delay trial in this matter. The case should be dismissed, it opines, without prejudice.

There is no argument that the Speedy Trial Act was violated. No one recognized that on March 1, 2010, the 70 days provided in the Act expired. In fact, *after* that date, the parties invoked the exclusionary provisions of the Act when they stipulated to exclude time. Further, defendant filed his Motion to Dismiss Due to Excessive Pre-Indictment Delay on May 28, 2010. The response was filed by the government July 1st. The Motion for Violation of the Speedy Trial Act was filed on August 9th.

Given this factual predicate and argument of counsel, the Court applies the factors set forth in the Act. As to the seriousness of the offense, the Court finds both charges are significant felonies. While they may not be as serious as other crimes handled in this court, they still are serious matters. Conspiracy to steal and theft from a public institution, which notably is in tremendous peril financially, is not a trivial matter.

As to the circumstances of the delay, it is clear that this case fell through the cracks. After the arraignment, there was a change in U.S. attorneys and a holiday period. By the time the present AUSA filed an appearance, the Speedy Trial Clock had passed by 7 days. The Court issued a

scheduling order without noting it. Shortly thereafter the parties stipulated to exclude time....not recognizing that the time had expired. Discovery and motions continued for the next few months. Defendant filed a Motion to Dismiss for Pretrial Delay and the government responded. Shortly before the scheduled hearing on that motion, the government discovered the speedy trial violation. While the Court recognizes that the burden to watch the clock is on the government, the failure here was clearly not deliberate. The government acted immediately upon discovery to advise the defendant. Further, the Court bears responsibility for not being administratively alert to the running of the Speedy Trial Act clock.

As to the third factor, the impact of re-prosecution, there is no indication that re-prosecution would negatively impact the Act or justice. There is no actual prejudice to the Defendant caused by this delay. The delay was so minimal - given the stipulated adjournments - that it went unnoticed by all parties as the case marched towards trial.

In conclusion, the Court finds DISMISSAL WITHOUT PREJUDICE best serves the enforcement of the Speedy Trial Act and the interest of justice.

IT IS SO ORDERED.

    s/Marianne O. Battani
    HONORABLE MARIANNE O. BATTANI

Dated: September 17, 2010

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon Assistant U.S. Attorney Eric M. Strauss, and Federal Defender Officer Andrew Densemo, electronically.

s/Bernadette M. Thebolt<br>
Case Manager